Filed 9/9/25  P. v. Schuetz CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>PATRICK SHANE SCHUETZ,<br><br> Defendant and Appellant. | A172731<br><br>(Mendocino County Super. Ct. No. 24CR06281) |

Patrick Shane Schuetz appeals from a postjudgment order granting a petition to revoke his postrelease community supervision (PRCS) (Pen. Code, §§ 1203.2, subd. (b), 3455, subd. (a)).[1]  Schuetz's appointed appellate counsel filed a brief raising no issues and asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We conclude that Schuetz is not entitled to *Wende* review.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226-228; *People v. Freeman* (2021) 61 Cal.App.5th 126, 132-134.)  Accordingly, we dismiss the appeal.

**BACKGROUND**

In 2021, Schuetz was convicted of second degree burglary (§§ 459, 460, subd. (b)) and sentenced to three years in prison.  In 2022, Schuetz was released from prison and placed on PRCS.  His supervision was scheduled to end on June 29, 2025.  Among other

---

[1]  Undesignated statutory references are to the Penal Code.

1

terms and conditions, Schuetz's PRCS required him to "not engage in conduct prohibited by law (state, federal, county or municipal)" and to report monthly (in writing) to his probation officer.

In December 2024, the Mendocino County Probation Department filed a petition to revoke Schuetz's PRCS. The petition alleged Schuetz violated the conditions of his PRCS by, among other things, littering (Pen. Code, § 374.4, subd. (a); an infraction), using a freeway as a pedestrian (Veh. Code, § 21960, subd. (a)), committing misdemeanor trespassing (Pen. Code, § 602, subd. (t)(1)), committing misdemeanor disorderly conduct (*id.*, § 647, subd. (e)), and by failing to provide a monthly report to his probation officer.

The court appointed counsel to represent Schuetz, revoked PRCS, and set an evidentiary hearing for January 8, 2025. On that date, the People presented the testimony of three witnesses. A California Highway Patrol officer testified that he observed Schuetz camping, beside a pile of trash, on public land (by a freeway off ramp) in violation of Vehicle Code section 21960, subdivision (a), as well as the Mendocino County Code and Penal Code section 374.4, subdivision (a). Two Mendocino County Sheriff's Office deputies testified about Schuetz trespassing on private land, in violation of Penal Code section 602, subdivision (t)(1), and Penal Code section 647, subdivision (e). Schuetz testified that he was homeless.

At the conclusion of the evidentiary hearing, the trial court found Schuetz violated the terms of PRCS by failing to obey all laws. The court ordered Schuetz to serve 60 days in jail, with credit for 25 days served, and reinstated PRCS.

## DISCUSSION

*Wende* review is not required in any appeal other than a first appeal of right from a judgment of criminal conviction. (*People v. Delgadillo, supra,* 14 Cal.5th at pp. 226-228; *People v. Freeman, supra,* 61 Cal.App.5th at pp. 132-134.) Accordingly, when no pro se supplemental brief is filed in an appeal from an order revoking and reinstating PRCS, we may dismiss the appeal as abandoned. (*Freeman,* at p. 134.)

That is the appropriate remedy here. Schuetz was advised by his appellate counsel of the right to file a supplemental brief within 30 days of the date the *Wende* brief was filed. But after more than 30 days, we have received no letter or brief from Schuetz.

In any event, we have independently reviewed the record and found no arguable issues.

## DISPOSITION

The appeal from the order revoking and reinstating PRCS is dismissed.

BURNS, J.

WE CONCUR:

SIMONS, ACTING P.J.
CHOU, J.

*People v. Schuetz (A172731)*

3